# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JARMER DEWAYNE ROBERSON**                              **PLAINTIFF**
**ADC #176230**

**V.**                  **NO. 4:21-cv-00095-KGB-ERE**

**ANTHONY ATKINS,** *et al*.                                **DEFENDANTS**

## ORDER

Now pending before the Court is Plaintiff Jarmer Dewayne Roberson's motion for summary judgment.[1] *Doc. 46.* Defendants oppose Mr. Roberson's motion arguing, in part, that the motion was filed prematurely. *Doc. 48.* The Court agrees.

Discovery in the matter is open until October 25, 2021. See *Doc. 40.* The parties have until November 25, 2021, to file dispositive motions. *Id.* Defendants point out that Mr. Roberson has not yet responded to their discovery requests. *Doc. 48 at p.2. See Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

IT IS THEREFORE ORDERED THAT Mr. Roberson's motion *(Doc. 46)* is DENIED, as premature.[2]

Dated this 4th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If the Court were to address Mr. Roberson's motion on the merits, it would deny it. Mr. Roberson is not entitled to summary judgment because he has failed to produce *any evidence* to support his bare and conclusory allegations. See Fed. R. Civ. P. 56(c) (providing that summary judgment is appropriate only when the supporting evidence demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) (explaining that the moving party bears the initial burden of identifying the parts of the record that show a lack of genuine issue of material fact). In addition, Mr. Roberson failed to file "a separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried" as required by this Court's Local Rules. See Local Rule 56.1(a).